UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| IVOR B. KAPLAN, M.D. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23cv598 |
| AESTHETIC PHYSICIANS, INC. *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants Aesthetic Physicians, Inc., Aesthetic Physicians, P.C. and Body Contour Centers, LLC, by counsel, and states as follows for their Answer to the Amended Complaint filed on behalf of Plaintiff Ivor B. Kaplan:

**[ALLEGED] CAUSES OF ACTION**

1. Defendants admit that Plaintiff purports to state claims under the statutes listed in Paragraph 1.[1] Defendants deny that Plaintiff has stated such claims or that he is entitled to any relief for those claims. Defendants deny all remaining allegations in Paragraph 1.

**PARTIES, JURISDICTION AND VENUE**

1. Defendants lack sufficient knowledge to assess the truth of the allegations in Paragraph 1. Therefore, Defendants deny Paragraph 1.

---

[1] The Amended Complaint contains two paragraphs labeled number 1. Defendants will replicate the numbering in the Amended Complaint in their Answer.

1

2. Aesthetic Physicians admits that it is an Arizona corporation, with a principal place of business in Arizona, and which is authorized to conduct business in Virginia. Defendants deny all remaining allegations in Paragraph 2.

3. Body Contours admits the allegations in Paragraph 3.

4. The allegations in Paragraph 4 state a legal conclusion for which no response is required..

5. Aesthetic Physicians admits that it, operating as Sono Bello, conducts business in Virginia, including at the Norfolk Sono Bello identified in Paragraph 5 of the Amended Complaint. Aesthetic Physicians further admits that it signed the Employment Agreement with Plaintiff, as alleged in Paragraph 5. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants do not contest venue. Otherwise, they deny the allegations in Paragraph 6.

## [ALLEGED] FACTS

7. Aesthetic Physicians admits that it, operating as Sono Bello, provides cosmetic surgical procedures. Sono Bello's services are listed on its website. *See* https://www.sonobello.com/procedures/ (last visited May 21, 2024). Defendants deny all allegations in Paragraph 7 that are inconsistent with the procedures or other services listed on that website. Defendants deny all remaining allegations in Paragraph 7.

8. Sono Bello's locations are listed on its website. *See* https://www.sonobello.com/locations/ (last visited May 21, 2024). Defendants deny all allegations in Paragraph 8 that are inconsistent with what is listed on that website. Defendants deny all remaining allegations in Paragraph 8.

9. Admitted.

10. Defendants admit that Aesthetic Physicians and BCC have executed a Master Services Agreement ("MSA") between them. The MSA speaks for itself and is the best evidence of its contents. Defendants deny all allegations in Paragraph 10 that are inconsistent with the plain text of the MSA. Defendants deny all remaining allegations in Paragraph 10.

11. Defendants admit that Aesthetic Physicians and BCC have executed an MSA between them. The MSA speaks for itself and is the best evidence of its contents. Defendants deny all allegations in Paragraph 11 that are inconsistent with the plain text of the MSA. Defendants deny all remaining allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. The websites identified in Paragraph 15 speak for themselves and are the best evidence of their contents. Defendants deny all allegations in Paragraph 15 that are inconsistent with the information on those websites. Defendants deny all remaining allegations in Paragraph 15.

16. Defendants admit that BCC and Aesthetic Physicians are separate, independent corporate entities. Defendants deny all allegations in Paragraph 16 not specifically admitted herein.

17. Defendants admit that Plaintiff was, at the time of his employment by Aesthetic Physicians, a board-certified medical doctor. However, Defendants lack sufficient information to assess the truth of the remaining allegations in Paragraph 17, and therefore, deny those allegations.

18. Defendants admit that Plaintiff began working at the Norfolk Sono Bello in 2020, as a surgeon and performed the normal procedures of a Sono Bello surgeon. Defendants admit that

Plaintiff was furloughed due to COVID-19. Defendants deny all allegations in Paragraph 18 not specifically admitted herein.

19. Defendants admit that the Norfolk Sono Bello Clinic resumed operations in 2020, and Plaintiff returned from furlough to continue working at the Norfolk Clinic. Defendants admit that Plaintiff signed an Physician Employment Agreement and that the copy attached to the Amended Complaint as Exhibit 1 is a true and accurate copy of such a portion of the agreement, though it is missing Addendums A and B. Addendum C is attached as Exhibit 2 to the Amended Complaint. Defendants deny all allegations in Paragraph 19 not specifically admitted herein.

20. Defendants admit that Exhibit 2 to the Amended Complaint is an accurate copy of the Addendum C ("Non-Solicitation & Confidentiality") to the Sono Bello Physician Employment Agreement. That document speaks for itself and is the best evidence of its contents. Defendants deny all allegations in Paragraph 20 that are inconsistent with the plain text of that document. Defendants deny all remaining allegations in Paragraph 20.

21. Defendants admit that Plaintiff performed one or more procedures performed by other Sono Bello surgeons and listed on the Sono Bello website. *See* Answer to Paragraph 7. Defendants deny all allegations about those procedures identified in Paragraph 21 that are inconsistent with the descriptions on Sono Bello's website. Defendants deny all remaining allegations in Paragraph 21 not specifically admitted herein.

22. Defendants admit that Plaintiff performed one or more procedures performed by other Sono Bello surgeons and listed on the Sono Bello website (*see* Answer to Paragraph 7), including the two procedures listed in Paragraph 22. Defendants deny all allegations about those procedures identified in Paragraph 22 that are inconsistent with the descriptions on Sono Bello's website. Defendants deny that Plaintiff "conceived of" or "developed" the Procedure described in

Paragraph 22, or Sono Bello's AbEX procedure. Defendants specifically deny all allegations in Paragraph 22 not specifically admitted herein.

23.  Sono Bello's AbEX procedure is described on Sono Bello's website. *See* https://www.sonobello.com/procedures/excess-skin-removal/ (last visited May 21, 2024). Defendants deny all descriptions of the AbEX procedure in Paragraph 23 that are inconsistent with the descriptions on Sono Bello's website. Defendants deny that Plaintiff "conceived of" or "developed" the "Procedure" described in Paragraphs 22 and 23, or Sono Bello's AbEX procedure. Defendants specifically deny all allegations in Paragraph 23 not specifically admitted herein.

24.  Paragraph 24 is vague and unclear because it does not indicate when Plaintiff supposedly began performing "the Procedure" on patients. Therefore, Defendants lack sufficient information to assess the truth of the allegations in Paragraph 24, and deny those allegations.

25.  Defendants admit that Plaintiff performed a demonstration of a medical procedure to Drs. Chung and Centeno in 2020. Defendants deny all remaining allegations in Paragraph 25.

26.  Defendants admit that a pilot study was conducted at the Norfolk Sono Bello in which Plaintiff was involved. Defendants deny all remaining allegations in Paragraph 26.

27.  Paragraph 27 contains legal conclusions to which no response is required. If the Court requires a response, Defendants deny the allegations in Paragraph 27.

28.  Defendants deny the allegations in Paragraph 28.

29.  The trademark application and registration speak for themselves and are the best evidence of their contents. Defendants deny all allegations in Paragraph 29 that are inconsistent with those documents or records. The advertising materials found at the link included in Paragraph 29 speak for themselves and are the best evidence of their contents. Defendants deny all allegations

5

in Paragraph 29 that are inconsistent with the materials on that website. Defendants deny all remaining allegations in Paragraph 29.

30. Defendants admit that Sono Bello's AbEX procedure was offered at various Sono Bello locations around the country. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Aesthetic Physicians' Non-Solicitation and Confidentiality terms (attached as ECF 22-2) speak for themselves and are the best evidence of their contents. Defendants deny all allegations in Paragraph 33 that are inconsistent with the plain text of that document. Defendants deny all remaining allegations in Paragraph 33 not specifically admitted herein.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants admit that the "Procedure" (as defined in the Amended Complaint) has been performed for decades and is well known. Defendants lacks sufficient information to assess the truth of the remaining allegations in Paragraph 35, and therefore, deny those allegations.

36. The statements found at the links included in Paragraph 36 speak for themselves and are the best evidence of their contents. Defendants deny all allegations in Paragraph 36 that are inconsistent with the materials on that website. Defendants deny all remaining allegations in Paragraph 36 not specifically admitted herein.

37. Defendants admit that Plaintiff voluntarily resigned from Sono Bello in June 2023. Defendants deny all remaining allegations in Paragraph 37 not specifically admitted herein.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

## COUNT I

41. Defendants incorporate their responses to the preceding paragraphs as if each was set forth herein.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

## COUNT II

45. Defendants incorporate their responses to the preceding paragraphs as if each was set forth herein.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

## COUNT III

50. Defendants incorporate their responses to the preceding paragraphs as if each was set forth herein.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

## COUNT IV

55. Defendants incorporate their responses to the preceding paragraphs as if each was set forth herein.

56. Defendants deny the allegations in Paragraph 56.

56. Defendants deny the allegations in Paragraph 56.[2]

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny all allegations in the WHEREFORE clause and in Paragraph 58 and they deny that Plaintiff is entitled to any relief set forth in the WHEREFORE clause.

59. Defendants deny that Plaintiff is entitled to damages as set forth in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny all allegations in the Amended Complaint not expressly admitted herein.

68. Defendants deny that Plaintiff is entitled to any relief or damages whatsoever.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims in Counts I and IV are preempted, in whole or in part, by the Virginia Uniform Trade Secrets Act ("VUTSA"). *See* Va. Code Ann. § 59.1-341.

---

[2] The FAC contains two paragraphs numbered 56. Defendants will mirror Plaintiff's incorrect numbering in their Answer.

2. If any of the alleged trade secrets qualify as such, one or both of Defendants own the alleged trade secrets, meaning that Plaintiff lacks standing to assert misappropriation claims in Counts II and III.

3. Even if Plaintiff was the owner of the alleged trade secrets, he relinquished that ownership by signing the "Non-Solicitation and Confidentiality" agreement with Aesthetic Physicians (Addendum C to his Employment Agreement).

4. If Plaintiff is the owner of the alleged trade secrets, Plaintiff disclosed those trade secrets to one or more third parties without securing promises of confidentiality.

5. Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

6. Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, release, estoppel, laches, and unclean hands.

7. Upon information and belief, Plaintiff's damages (if any) are limited or barred by his failure to mitigate his damages.

8. Plaintiff cannot establish its entitlement to costs, expenses, or attorneys' fees pursuant to VUTSA or the Defend Trade Secrets Act ("DTSA").

9. Plaintiff cannot establish its entitlement to restitutionary relief, including disgorgement or lost profits, for any of its claims.

10. Plaintiff cannot establish its entitlement to injunctive relief for any of its claims.

May 23, 2024                                      Respectfully submitted:

                                                             By: */s/ Charles M. Sims*
Charles M. Sims, Esq. (VSB No. 35845)
C. Quinn Adams, Esq. (VSB No. 90506)
Tyler Miko, Esq. (VSB No. 97699)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
T: (804) 403-7111
F: (804) 237-0250
csims@ohaganmeyer.com
cadams@ohaganmeyer.com
tmiko@ohaganmeyer.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

*/s/ Charles M. Sims*
Charles M. Sims, Esq. (VSB No. 35845)